Dear Scenic Rivers Commission Bradford,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following questions:
1. Does the Oklahoma Scenic Rivers Commission have authorityto regulate recreational activities and safety hazards in itsoperating area?
 2. Does the Oklahoma Scenic Rivers Commission have the duty toidentify and mitigate or abate threats to public health andsafety in its operating area?
 3. If so, what actions may the Oklahoma Scenic RiversCommission take to abate and mitigate recreational safety hazardsonce identified?
¶ 1 A grant of authority from the Legislature to an administrative agency is either express or implied. See City of Hugo v. State ex rel. Pub. Employees Relations Bd.,886 P.2d 485, 492 (Okla. 1994). Whether express or implied, however, "an agency created by statute may exercise only those powers granted and may not expand those powers by its own authority." Id. Relatedly, an administrative agency must exercise authority in a manner consistent with its governing statutes. See, e.g., FDA v. Brown Williamson Tobacco Corp., 120 S.Ct. 1291, 1297 (2000).
¶ 2 The Oklahoma Scenic Rivers Commission's (the "Commission") authority derives from the Scenic Rivers Act. See 82 O.S.1451 — 82 O.S. 1471 (1991-2000). "The primary purpose of the Scenic Rivers Act is to encourage the preservation of the areas designated as `scenic river areas' in their natural scenic state."[1] Id. 1454 (B) (footnote omitted). This over-arching purpose arises from the Legislature's finding that certain:
 "Free-flowing streams and rivers of Oklahoma possess such unique natural scenic beauty, water conservation, fish, wildlife and outdoor recreational values of present and future benefit to the people of the state that it is the policy of the Legislature to preserve these areas for the benefit of the people of Oklahoma."
Id. 82 O.S. 1452 (A).
¶ 3 The Legislature also found that the:
 "Protection and development of the state's scenic river areas and adjacent and contiguous lands . . . should be provided for by properly planned and executed rules promulgated by that Commission respecting public services, land use, occupancy, structures, lot and plot sizes, density of population and other activities as required for the proper protection of the aesthetic, scenic, historic, archaeologic and scientific features of the said affected areas, or deemed necessary for the protection of the ecosystem and the environment from pollution, despoliation and destruction or waste of natural resources and all other factors adversely affecting the public health, safety and the general welfare. . . ."
Id. 82 O.S. 1460.
¶ 4 Therefore, the Legislature designated certain segments of rivers and streams as "`scenic river areas' to be preserved as a part of Oklahoma's diminishing resource of free-flowing rivers and streams." Id. 82 O.S. 1452 (A). Consequently, the Scenic Rivers Act contemplates "an effective program for preserving the scenic beauty of the free-flowing streams and rivers designated as `scenic river areas.'" Id. 82 O.S. 1454 (A). Thus, "once . . . designated as a `scenic river area', it is the intent of the Legislature that:
¶ 5 1. The stream or river . . . be preserved in its free-flowing condition." Id. 82 O.S. 1453 (A).
¶ 6 A. The Commission has Limited Authority Over Certain Recreational Activities or Safety Hazards Under the Scenic Rivers Act.
¶ 7 The Commission has Limited Authority to Regulate Recreational Activities or Safety Hazards to Achieve the Purposes of the Scenic Rivers Act.
¶ 8 To achieve the purposes of the Scenic Rivers Act, the Legislature conferred broad authority upon the Commission. Absent from this authority, however, is a grant of regulatory authority over recreational activities and safety hazards for the purpose of protecting public health and safety. Rather, the Commission's authority relates to the purposes of the Scenic Rivers Act, such as preserving and protecting the natural scenic beauty of scenic river areas, protecting the aesthetic, scenic, historic, archaeologic, and scientific features of scenic river areas, and protecting the ecosystem and the environment from pollution, despoliation and destruction. See 82 O.S. 1452 (A), 82 O.S.1453 (A), 82 O.S. 1454 (A)-(B), 82 O.S. 1460 (2000).
¶ 9 The Scenic Rivers Act does contain grants of authority under which the Commission can regulate recreational activities and safety hazards in the scenic river areas in its operating area where such regulation furthers the purposes of the Scenic Rivers Act. For example, the Commission has the power and responsibility to "promulgate such rules and issue such orders as necessary to protect the public interest and to achieve the purposes of the Scenic Rivers Act." 82 O.S. 1461 (F)(1)(b) (2000); see also id. 82 O.S. 1461 (H)(4). Additionally, it is the Commission's responsibility, and it is so empowered, to "prepare and adopt a management plan or plans to guide and control private activities and public programs and to include varying degrees of protection and development based on the special attributes of the area." Id. 82 O.S. 1461 (H)(5). Also relevant is the Commission's authority and responsibility to "issue use permits," Id. 82 O.S. 1461 (H)(10), and to "do all things, whether expressly enumerated in the Scenic Rivers Act or not, which may be lawful and necessary and proper for the accomplishment ofthe purposes ofthe Scenic Rivers Act." Id. 82O.S. 1461 (G).
¶ 10 These powers and responsibilities include the authority to regulate recreational activities or safety hazards when done to achieve the purposes of the Scenic Rivers Act. Therefore, the Commission has the authority to regulate recreational activities and safety hazards where such regulation is done to preserve and protect scenic river areas in their natural scenic state, including their aesthetic, scenic, historic, archaeologic and scientific features, or to protect the ecosystem and the environment from pollution, despoliation and destruction. See82 O.S. 1452 (A), 82 O.S. 1453 (A), 82 O.S. 1454 (A) — (B),82 O.S. 1460 (2000).
¶ 11 2. The Commission is Empowered to Enforce Laws, Some of Which May Relate to Recreational Activities or Safety Hazards.
¶ 12 Distinct from its regulatory authority, the Commission has the power to enforce certain bodies of existing law, some of which may relate to recreational activities or safety hazards in or adjacent to scenic river areas. For example, the Commission has the authority and responsibility to "identify public and private nuisances which are adverse to the purposes of the Scenic Rivers Act and take such action as permitted by law to remove the public nuisances." 82 O.S. 1461 (H)(9) (2000).
¶ 13 By statute:
 "A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
 "First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or
"Second. Offends decency; or
 "Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or
 "Fourth. In any way renders other persons insecure in life, or in the use of property, provided, this section shall not apply to preexisting agricultural activities."
See 50 O.S. 1 (1991).
¶ 14 A "public nuisance" is a Nuisance that "affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal." Id. sec.[2]
¶ 15 While this authority does not provide the Commission with regulatory authority over recreational activities or safety hazards, it does provide the Commission with the power to enforce the body of law relating to public nuisances. Thus, the Commission is empowered to take such action as permitted by law to "remove" a recreational activity or safety hazard when such recreational activity or safety hazard in a scenic river area in the Commission's operating area constitutes a public nuisance and is adverse to the purposes of the Scenic Rivers Act. The action that the Commission can take, in this regard, is to seek the legally available remedies against a public nuisance, namely:
 (1) requesting an indictment or information, See 50 O.S. 8 (1), 50 O.S. 9 (1991);
 (2) maintaining a civil action for public nuisance, See id. 50 O.S. 8 (2); and
 (3) abatement.2 See id. 50 O.S. 8 (3), 50 O.S. 11/50 O.S. 12 (1991).
¶ 16 Another source of authority to enforce existing laws is the Scenic River Act's grant of discretionary power to "contract with the Oklahoma Tourism and Recreation Department or the sheriff's office of Cherokee County, Adair County, or Delaware County for the ranger personnel necessary to secure said scenic river area, including all roadways and adjacent areas to the Illinois River, Flint Creek, and the portion of the Baron sic Fork Creek located in Cherokee County." 82 O.S. 1470 (F) (2000). While the Commission is not required to contract for rangers, if it so chooses, such rangers can enforce existing was and regulations to the extent of their law enforcement authority, some of which may relate to recreational activities or safety hazards in and adjacent to scenic river areas and all roadways and adjacent areas to the Illinois River, Flint Creek, and the portion of the Barren Fork Creek located in Cherokee County.
¶ 17 3. As a Property Owner, the Commission May Control Recreational Activities or Safety Hazards on Property it Owns.
¶ 18 Another source of authority considered is the Commission's property authority. In this regard, the Commission is authorized to "own and control public access points" to scenic river areas,82 O.S. 1461 (H)(10) (2000); and to "acquire, develop and maintain public access points, easements or park areas in or near `scenic river areas.'" Id. 82 O.S. 1454 (C). A property interest, such as owning and controlling public access points or park areas in or near scenic river areas, provides the Commission with similar authority to control recreational activities or safety hazards in those public access points and park areas as other governmental property owners have.
¶ 19 B. Whether the Commission has a Duty to Identify and Mitigate Recreational Safety Hazards and What Actions the Commission May Take to Abate and Mitigate Recreational Safety Hazards Once Identified Are Questions of Fact That Cannot be Addressed by Opinion.
¶ 20 In response to your second and third questions, whether the Commission has a duty to identify and mitigate or abate all threats to public health and safety in its operating area, and what actions the Commission may take to abate and mitigate recreational safety hazards, to the extent not answered herein, are questions of fact outside the scope of an Attorney General Opinion. See 74 O.S. 18b (A)(5) (2000).
¶ 21 The Commission would generally not have liability for losses or claims allegedly related to abatement or non-abatement of recreational safety hazards. The Commission is subject to the Governmental Tort Claims Act. See 51 O.S. 151 — 51 O.S. 200
(1991-2000). Within that Act, the Commission, among other things, would not be liable for any losses or claims allegedly resulting from "natural conditions of property," (51 O.S. 155 (10) (2000)); from "performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees," (Id. 51 O.S.155 (5)); from "civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing, police, law enforcement or fire protection," (Id. 51 O.S. 155 (6)); or from "inspection powers or functions, including failure to make an inspection, review or approval, or making an inadequate or negligent inspection, review or approval of any property, real or personal, to determine whether the property complies with or violates any law or contains a hazard to health or safety, or fails to conform to a recognized standard." Id.51 O.S. 155 (13).
¶ 22 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A. The Scenic Rivers Act, 82 O.S. 1451-82 O.S. 1471(1991-2000), does not grant the Oklahoma Scenic RiversCommission general regulatory authority over recreationalactivities and safety hazards for the purpose of protectingpublic health and safety; however, the Oklahoma Scenic RiversCommission has limited authority over certain recreationalactivities or safety hazards under the Scenic Rivers Act,namely:
 1. The Scenic Rivers Act grants the Oklahoma Scenic RiversCommission limited authority to regulate recreational activitiesand safety hazards in its operating area where such regulationfurthers the purposes of the Scenic Rivers Act, such aspreserving and protecting scenic river areas in their naturalscenic state, including their aesthetic, scenic, historic,archaeologic and scientific features, or protecting the ecosystemand the environment from pollution, despoliation anddestruction;
 2. Under its enforcement authority, the Oklahoma Scenic RiversCommission is empowered to seek the legally available remediesagainst recreational activities or safety hazards in scenic riverareas that constitute a public nuisance and are adverse to thepurposes of the Scenic Rivers Act. Further, the Oklahoma ScenicRivers Commission has discretionary authority to contract forranger personnel, who, to the extent of their law enforcementauthority, can enforce existing laws and regulations, some ofwhich may relate to recreational activities or safety hazards;and
 3. The Oklahoma Scenic Rivers Commission has authority tocontrol recreational activities or safety hazards in the publicaccess points owned by the Commission similar to the authority ofother governmental property owners.
 B. As to your second and third questions, whether the OklahomaScenic Rivers Commission has a duty to identify and mitigate orabate specific threats to public health and safety in itsoperating area, and what actions the Oklahoma Scenic RiversCommission may take to abate or mitigate recreational safetyhazards, to the extent not answered herein, are questions of factoutside the scope of an Attorney General Opinion. See 74 O.S.18b (A)(5) (2000).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
STEPHEN L. JANTZEN ASSISTANT ATTORNEY GENERAL
[1] As used in the Scenic Rivers Act, the phrase "scenic river area" is defined "as the stream or river and the public use and access areas located within the area designated." Id. 82 O.S.1452 (C) (footnote omitted).
[2] "A public nuisance may be abated by any public body or officer authorized thereto by law." 50 O.S. 11 (1991). Moreover, "any person may abate a public nuisance which is specially injurious to him, by removing or, if necessary, destroying the thing which constitutes the same, without committing a breach of the peace or doing unnecessary injury." Id. 50 O.S. 12.